## No. 10,274.

### EMANCIPATION OF R. P. POCHELU.

41 331
·105 257

The Supreme Court has jurisdiction of an appeal in emancipation proceedings, which show that the estate of the minor amounts to $50,000, and in which it appears by affidavit that the interest of the minor in the result exceeds $2000.

A minor above the age of eighteen years is not entitled to be emancipated unless it appears affirmatively and conclusively from the evidence in the case that he is fully capable of managing his own affairs.

A PPEAL from the Civil District Court for the Parish of Orleans. *Voorhies*, J.

*Frank D. Chrétien* and *P. E. Théard & Son* for the Minor, Appellant.

---

*Ambrose Smith* and *N. B. Trist* for the Tutor, Appellee:

1. The right to entertain jurisdiction upon an appeal from a judgment granting or refusing an application for a decree of emancipation has not been conferred upon the Supreme Court, and cannot, therefore, be assumed. The value of the property of the minor seeking emancipation is not the test and criterion on which the right of jurisdiction is to be ascertained. The minor's property, whatever its value, is not in such case, the matter in dispute, the control and destination thereof being a mere incident to the judgment; the real issue is the right of the minor to be relieved from the disabilities attaching to minority, and to have conferred on him the full power to do and perform all acts as fully

as if he had arrived at the age of twenty-one years.  Const. Art. 81 (as amended) ; 39 Ann. 114; 34 Ann. 834; 38 Ann. 394.

2.  A minor over the age of eighteen years who desires to be emancipated has the right to present and prosecute his demand, and is competent to stand in judgment without assistance.  Where the minor has a duly appointed, qualified and acting tutor, whose consent is to be obtained, or against whom the proceedings are to be contradictorily conducted, the appointment of a special tutor *ad hoc*, or special tutor is not authorized or sanctioned by the law.  C. C. Art. 385.

3.  To be entitled to the decree of emancipation herein sought the applicant must be over eighteen years of age — he must allege and show that he is fully capable of managing his own affairs, — and he must, besides, assign and prove the existence of good and satisfactory reasons and exceptional conditions, which make the granting of the decree in his favor peculiarly desirable and advisable, and most likely to enure to· his benefit and advantage.  C. C. Art. 385.

4.  A minor who is unable to manage his own affairs and who is unwilling to work, is not entitled to be emancipated.  4 Ann. 375.

5.  A minor,·though fully and unquestionably capable of managing his own affairs, is not entitled to be emancipated unless. besides this qualification, he presents and establishes substantial reasons therefor — reasons which commend themselves to the judgment and conscience of the judge as being conducive to the minor's benefit and promotive of his welfare and advancement.  C. C. 385; 10 Ann. 423.

———

The opinion of the Court was delivered by

POCHÉ, J.  The minor appeals from a judgment which rejects his application to be emancipated.

The suggestion of appellee's counsel that the case is not within our appellate jurisdiction is unfounded.

The record shows that the minor's estate amounts to some $50,000, and he has filed an affidavit alleging an interest exceeding $2000 in the controversy.

It is easy to conceive that the right of the minor, who is now over the age of eighteen years, to administer so large an estate until his majority, could involve or produce results, for or against his true interests, exceeding the lower limit of our jurisdiction.   Knight vs. Knight, 12 Ann. 59 ; Burke vs. Wall, 29 Ann. 38.

We, therefore, must decline to dismiss the appeal, and we shall now proceed to examine the case on its merits.

The proceedings are controlled by the provisions of Article 385 of the Civil Code, which reads as follows :

"Whenever a minor, over the age of eighteen years, shall desire to be relieved from the time prescribed by law for attaining the age of majority, he shall present a petition to the judge having jurisdiction, wherein he shall set forth the reasons therefor and also the amount of his estate. This petition shall be accompanied by the written assent of the tutor, if there be one, otherwise by that of a special tutor appointed for that

purpose; and this assent shall contain the specific declaration that the minor is fully capable of managing his own affairs. If the tutor refuses to give his assent to such emancipation, or shall refuse to appear by way of answer in the application of the minor, he shall be cited according to law, to show cause why the minor should not be emancipated."

In his answer, the tutor denies that the minor, Pochelu, is capable of managing his own affairs, hence he refuses to give his assent to the emancipation prayed for.

And the whole evidence in the record is mainly restricted to that issue.

The testimony is conflicting, but a careful analysis thereof, and particularly of that of the minor himself, has led us to the conclusion that in his own interest, the judgment of the District Court should be affirmed.

We understand that no useful purpose can be subserved by detailing, in this opinion, the full analysis. which we have made of the evidence, and of the considerations flowing therefrom, which have led us to the decree which we shall render in the case.

We deem it sufficient to indicate our opinion, that the minor has not made out a case entitling him to be emancipated.

Judgment affirmed.